**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **SHOT BAR CHICAGO LLC, an Illinois limited liability company,** | } } **Case No: 24-cv-08452** |
| **Plaintiff,** | } } **Honorable April M. Perry** } **Magistrate Judge: M. David Weisman** |
| vs. | } } |
| **SARAH HALVERSON, et al.** | } } |
| **Defendants.** | } |

### JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE

**I.   NATURE OF THE CASE**

**A.   Identify the attorneys of record for each party.**

Plaintiff – SHOT BAR CHICAGO LLC, an Illinois limited liability company ("SBC")
Jonathan D. Rosen, Esq. (Lead Trial Attorney) Jonathan@EnterpriseLG.com
Steven Alpert, Esq. SAlpert@EnterpriseLG.com
Enterprise Law Group, LLP
Two Northfield Plaza, 570 Frontage Road, Suite 201
Northfield, IL 60093
Tel: 312-578-0200

Defendants – SARAH HALVERSON and SARAH HALVERSON INC., an Illinois corporation
Sabreena El-Amin (Lead Trial Attorney) sel-amin@ctmlegalgroup.com
Scott Browdy  sbrowdy@ctmlegalgroup.com
CTM Legal Group
77 W. Washington Street, Suite 2120
Chicago, IL 60602
Tel: 312-818-6700

**B.   State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.**

Federal Question Jurisdiction pursuant to Count V of SBC's Verified Amended Complaint for Defendants' alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. All other claims are before the Court based on Supplemental Jurisdiction pursuant to 28 U.S.C. §1367. Each parties' claims are in excess of $500,000, which exceeds the jurisdictional threshold.

**C.    Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third party claims and/or affirmative defenses.**

**Shot Bar Chicago, LLC ("SBC")'s Claims:** (I) Breach of Contract - Breach by Defendants of independent contractor agreement to provide services to SBC, and after being terminated, caused SBC significant damages and rendered *inter alia* SBC's digital marketing and client appointment portal inaccessible; (II) Tortious Interference with Contract - Per SBC's Response to Defendants' Motion to Dismiss [*Dkt. 28*], SBC abandons this claim at this time; (III) Tortious Interference with Prospective Economic Advantage - After SBC terminated Defendants, Sarah Halverson illegally and unlawfully accessed SBC computer systems, applications, and social media ("SBC Systems") and sabotaged them causing interruption with contractors and customers and causing damages, (IV) Conversion - Halverson (a) deleted/converted SBC Digital Property, (b) ordered SBC Tangible Intellectual Property and converted it to her own use, (c) converted SBC Tangible Property to her own use, all of which caused SBC considerable financial damage; (V) Computer Fraud and Abuse Act - After SBC terminated Defendants, Defendants on multiple occasions illegally and unlawfully accessed SBC Systems and rendered them unusable/inaccessible or removed content, which caused financial damage to SBC including *inter alia* costs to restore SBC Systems, attorneys' fees/costs, and punitive damages; and (VI) Injunctive Relief - SBC seeks to enjoin Defendants from any further access to/deletion of SBC Systems and mandatory relief including ordering Defendants to cooperate fully in restoring all information and document deleted or converted.

**Defendant's Counterclaims and Affirmative Defenses:** Sarah Halverson is an experienced Creative Director with a demonstrated history of successful work in advertising, branding, and design. Defendants made various oral agreements with Lindsey Sikora to create content to be used by Shot Bar Chicago, LLC ("Shot Bar") in exchange for compensation, including free Shot Bar services and products. Pursuant to the oral agreement, Sarah Halverson Inc. would retain ownership of the intellectual property and the right to use the intellectual property for any purpose. Shot Bar would be granted the right to use the intellectual property for the duration of the agreement. In so doing, Sikora repeatedly represented to Halverson that Halverson would be a partner in the business, would receive payment for her efforts through a share in the profits, and would be involved in the long-term success of the business. Sikora made these representations on a number of occasions including in communications with her attorney. Halverson relied on these representations and performed work with the expectation of receiving payment through profit sharing and equity in SBC as the business continued to grow and prosper. Based on Shot Bar's promise of future payment Halverson prepared intellectual property including social media content, copy, online content, logos, branding, graphic design, interior design, and original illustrations, art installations, videos, drawings, and photographs ("Halverson IP").

Defendants have filed a Motion to Dismiss Counts I, II, and III for failure to state a claim.  Count I is a breach of contract claim, which fails as a matter of law and should be dismissed because Halverson's alleged contractual duties to Shot Bar terminated when Shot Bar terminated the contract. Count II is for tortious interference with contract and fails as a matter of law because it does not identify any specific breach of contract, nor does it allege that Halverson caused or intended to cause a breach. Count II and Count III, for tortious interference with perspective business relationship also fail because the conduct alleged in the Amended Complaint was directed solely at Shot Bar, not at any third party whose contract with Shot Bar may have been breached.

2

Counts I, II, and III should be dismissed with prejudice because the defects discussed herein cannot be cured by amendment.

Defendants also assert affirmative defenses of causation, unintentional conduct, and lack of notice or knowledge of revoked authorization to Plaintiff's Computer Fraud and Abuse Act claim. Defendants asserts affirmative defenses of privilege, abandonment, interest, and consent to Plaintiff's conversion claim.

In May of 2024, Sikora terminated Shot Bar's relationship with Halverson and SHI because Halverson demanded that she continue to receive the bargained-for consideration. Despite the termination of the agreement and therefore the termination of the right to use the Halverson IP, Sikora and Shot Bar continued to use the Halverson IP and prevented Halverson from accessing her IP. Defendants bring Breach of Contract and Unjust Enrichment claims based on Shot Bar's conduct and claim damages in excess of $500,000.

**D.    Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

**Plaintiff**: SBC seeks monetary damages (Counts I, III, IV, and V) in an amount in excess of $500,000.00 dollars (including punitive damages for Counts III, IV and V) and attorneys' fees/costs (per Counts IV and V), the exact amount to be proven at trial.

**Defendant**: Defendants assert damages in excess of $500,000 plus attorney's fees, costs, and interest.

**E.    List the names of any parties who have not yet been served.** None, all parties have been served.

**II.    DISCOVERY AND PENDING MOTIONS**
**A.    Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

   **Plaintiff**:
(1) SBC's Motion to Compel [*Dkt. 16*] filed 10/29/2024. SBC needs Defendant to produce requested IP Address information for Defendants "Identified Devices" (per SBC Interrogatory No. 4). Motion stayed pending 1/16/2025 settlement conference [*Dkt. 35*].

(2) SBC's Motion for *FRCP 34* Inspection [*Dkt. 18*], originally filed in Cook County Circuit Court on 8/1/2024 and refiled 10/29/2024. SBC needs access to Defendants "Identified Devices" (per SBC Interrogatory No. 4) to obtain certain ESI, including but not limited to internet traffic and usage data from between 5/30/2024 and 7/16/2024. Motion stayed pending outcome of 1/16/2025 settlement conference [*Dkt. 35*].

(3) SBC's Motion to Dismiss Defendants' Counterclaims Pursuant to *FRCP 12(b)(6)* [*Dkt. 27*] filed 11/22/2024. SBC asserts that Defendants' claimed partnership contract with SBC is unenforceable as a matter of law (Count I), and the two quasi-contract claims are improperly brought. Motion stayed pending 1/16/2025 settlement conference [*Dkt. 37*].

|  |  |
|---|---|
|  | **Defendant**: |
| (1) | Defendants' Motion to Dismiss Counts I-III of Amended Complaint [*Dkt. 10*] filed 8/10/2024; the Motion asserts that Plaintiff has failed to state a claim on which relief can be based on its breach of contract and tortious interference claims. Plaintiff filed its Response in Opposition [*Dkt. 28*]. Reply was due by 12/9/2024 [*Dkt. 15*], but briefing stayed pending outcome of 1/16/2025 settlement conference. |
| B. | **What is the current discovery schedule?** No discovery schedule set. Discovery is stayed pending outcome of the 1/16/2025 settlement conference [*Dkt. 29*]. Should the matter not resolve at the 1/16/2025 settlement conference, SBC will request that all written discovery be further stayed pending the Court's adjudication of the pending *FRCP 12(b)(6)* motions. |
| C. | **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery.** The parties each issued their first written discovery. SBC served limited initial discovery on 8/1/2024 focused on seeking information from Defendants' computers/IP addresses, names of individuals with information, and identification of Defendants' expert witnesses. Defendant served discovery requests as of 10/30/2024; Plaintiff's responses stayed pending the 1/16/2025 settlement conference. Should the matter not resolve at the 1/16/2025 settlement conference, SBC will request all written discovery be further stayed pending the adjudication of the *FRCP 12(b)(6)* motions. |
| D. | **Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.** |
|  | There is currently no Discovery scheduled deadline set. |
|  | Plaintiff – Based on the outcome of the 1/16/2025 settlement conference and, should the matter not settle, the Court's rulings on the pending dispositive motions, SBC anticipates serving additional discovery requests. |
|  | Defendants served discovery but have not yet received responses. If the settlement conference is unsuccessful, the parties will need to finalize a confidentiality and continue discovery. Defendants believe oral, written, and third party discovery will be necessary. |
| E. | **Briefly summarize all substantive rulings issued in the case. For each ruling, include the date and the docket number.** No substantive rulings have been issued. |
| F. | **Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.** |
|  | SBC anticipates seeking a Protective Order for all Discovery using the Northern District Form Order. It is unknown whether SBC will file for summary judgment regarding SBC's claims or Defendants' counterclaims. |
|  | Defendant has not yet determined whether it will file a Motion for Summary Judgment. |

**III.** **TRIAL**

**A.** **Have any of the parties demanded a jury trial?** No jury trial has been requested, but SBC may request a jury should SBC be required to answer Defendants' counterclaims.

**B.** **What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?** No trial date has been set. SBC anticipates being ready for trial in February/March 2026 based on a schedule for discovery (including written discovery, oral discovery and expert designations/reports), dispositive motions, and other filings pending the 1/16/2025 settlement conference.

**C.** **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?** No final pretrial order has been filed; no deadline has been set for the filing. Parties are waiting for a schedule for discovery, dispositive motions, and other filings pending the 1/16/2025 settlement conference.

**D.** **Estimate the number of trial days.** If a jury trial is requested, SBC estimates 2-4 days, Defendants estimate 1 week.

**IV.** **SETTLEMENT, REFERRALS, AND CONSENT**

**A.** **Have any settlement discussions taken place? If so, what is the status?** Settlement demands were exchanged in August 2024. The exchange of tangible items is pending an agreement of items to be exchanged and logistics of an exchange. Defendants do not consider this to be a settlement discussion but an attempt to return property that was lawfully in Defendants' control. An in-person Settlement conference is set for 1/16/2025 before the Honorable M. David Weisman [*Dkt. 32*].

**B.** **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?** Yes, case was referred to the Honorable M. David Weisman.

**C.** **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?** An in-person settlement conference has been scheduled for 1/16/2025 before the Magistrate Judge.

**D.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?** The parties do not unanimously consent to proceeding before the Magistrate Judge, but have consented to assignment for discovery and a settlement conference, currently pending.

**V.** **Other**

**A.** **Is there anything else that the plaintiff(s) wants the Court to know?** SBC requested that Defendants agree to a Protective Order on 11/08/2024. Defendants did not respond to SBC's request.

**B.** **Is there anything else that the defendant(s) wants the Court to know?**

| | |
|---|---|
| **DATED THIS 27th day of December, 2024.** | **Respectfully submitted,** |
| **SARAH HALVERSON and SARAH HALVERSON INC., an Illinois corporation** | **SHOT BAR CHICAGO LLC, an Illinois limited liability company** |
| By:     **/s/ Sabreena El-Amin**<br>**One of Defendants' Attorneys**<br>Sabreena El-Amin<br>Scott Browdy, Esq.<br>**CTM LEGAL GROUP**<br>77 W. Washington Street, Suite 2120<br>Chicago, IL 60602<br>Tel: 312-818-6700<br>F: 312-492-4804<br>sel-amin@ctmlegalgroup.com<br>sbrowdy@ctmlegalgroup.com | By:     **/s/ Jonathan D. Rosen**<br>**One of Plaintiff's Attorneys**<br>Jonathan D. Rosen, Esq.<br>Steven Alpert, Esq.<br>**ENTERPRISE LAW GROUP, LLP**<br>Two Northfield Plaza<br>570 Frontage Road, Suite 201<br>Northfield, IL 60093<br>Tel: 312-578-0200<br>Jonathan@EnterpriseLG.com<br>SAlpert@EnterpriseLG.com |